**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL CRAINE,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES COUNCIL 36, LOCAL 119, an employee organization; COUNTY OF LOS ANGELES, a public agency; ROB BONTA, in his official capacity as Attorney General of California,<br><br>        Defendants-Appellees. | No.   23-55206<br><br>D.C. No.<br>2:22-cv-03310-DSF-SK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

| | |
|---|---|
| CAMILLE BOURQUE, individual; PETER MOREJON, individual,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>ENGINEERS AND ARCHITECTS ASSOCIATION, a labor organization; CITY | No.   23-55369<br><br>D.C. No.<br>2:21-cv-04006-JAK-PVC |

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

OF LOS ANGELES; ROB BONTA, in his official capacity as Attorney General of California,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted March 8, 2024
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

Plaintiff Michael Craine is an employee of the County of Los Angeles. He alleges that he had dues deducted from his wages without his authorization and sent to the American Federation of State, County, and Municipal Employees Council 36, Local 119 ("AFSCME"), the exclusive bargaining representative for his unit. Plaintiffs Camille Bourque and Peter Morejon are employees of the City of Los Angeles. They allege that they had dues deducted from their wages without their authorization and sent to the Engineers and Architects Association ("EAA"), the exclusive bargaining representative for their units; indeed, Bourque alleges that she never joined EAA. Plaintiffs raise First and Fourteenth Amendment claims against the unions, their respective municipal employers, and California Attorney General Rob Bonta. The district court granted Defendants' motions to dismiss. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's

2

dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 878 (9th Cir. 2022). We affirm.

 1. The district court properly dismissed Morejon's claims for prospective relief for a lack of standing. Morejon was removed from EAA's member list and all deductions from his wages ceased before he filed his complaint. Allegations of past injury alone, with only a highly speculative potential for future unauthorized dues deductions, are insufficient to establish standing. *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1118–21 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 749 (2023).

 2. The district court properly dismissed Plaintiffs' claims for prospective relief as moot. The unions have refunded the money at issue and added Plaintiffs' names to a list they sent to the municipalities containing the names of members who have cancelled their dues authorization. When a defendant voluntarily ceases allegedly unlawful conduct, that defendant "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Here, Defendants have carried their burden. Plaintiffs are unlikely to authorize such deductions, and the deductions are therefore unlikely ever to resume.

3. The district court properly dismissed Plaintiffs' claims against the Attorney General because they are barred by Eleventh Amendment sovereign immunity.[1] We have recognized that, "'absent waiver by the State or valid congressional override,' state sovereign immunity protects state officer defendants sued in federal court in their official capacities from liability in damages, including nominal damages." *Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166–69 (1985)). Plaintiffs have not shown waiver by the State or a valid congressional override.

Plaintiffs' argument that the *Ex parte Young* doctrine applies is unavailing. Plaintiffs' complaints include no allegations against the Attorney General beyond stating that he is "sued in his official capacity as the representative of the State of California charged with the enforcement of state laws . . . ." But this "generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision" is not enough to subject the Attorney General to suit. *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). And Plaintiffs identify no ongoing violation of federal law, as the unions have

---

[1] Appellants filed motions for judicial notice of the Attorney General's motion for intervention in a pending case before the U.S. District Court for the Central District of California. The district court case is not relevant, however, as it involves a different state law. As such, the Motion for Judicial Notice, Dkt. No. 46, Case No. 23-55206, and the Motion for Judicial Notice, Dkt. No. 39, Case No. 23-55369, are **DENIED**.

processed their membership resignations and refunded all money at issue. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (noting that courts determine whether *Ex parte Young* overcomes an Eleventh Amendment bar to suit by conducting a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective" (alteration in original) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring))).

4. The district court properly dismissed Plaintiffs' claims against the unions for lack of state action. Actions by a private actor may be subject to Section 1983 liability if the plaintiff can show that the conduct was "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). To establish fair attribution, two criteria must be met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed the [S]tate or by a person for whom the State is responsible," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.*

First, Plaintiffs' allegations that the unions failed to timely process their resignations and notify their municipal employers amount to a "private misuse of a state statute" that is "contrary to the relevant policy articulated by the State." *Wright*, 48 F.4th at 1123 (quoting *Lugar*, 457 U.S. at 940–41). As such, Plaintiffs

5

cannot satisfy the first *Lugar* prong.

Second, we reject Plaintiffs' argument that the unions are state actors under the "joint action" or "governmental nexus" tests. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012). We have held that the mere fact that a state transmits dues payments to a union does not give rise to a Section 1983 claim against a union under these tests. *Belgau v. Inslee*, 975 F.3d 940, 947–49 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021); *see also Wright*, 48 F.4th at 1122 n.6 (noting that the joint action test "largely subsume[s]" the governmental nexus test (quoting *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 996 n.13 (9th Cir. 2013))). And a state employer's "ministerial processing of payroll deductions" does not create a sufficient nexus between the state and a union to subject the union to Section 1983 liability. *Belgau*, 975 F.3d at 948; *see also Wright*, 48 F.4th at 1123–24. Accordingly, Plaintiffs cannot satisfy the second *Lugar* prong.

5. The district court properly dismissed Plaintiffs' claims against the municipalities for failure to establish *Monell* liability. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiffs do not allege that the municipalities intended to withhold unauthorized dues. *See Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1110 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 783 (2023). Nor have Plaintiffs alleged that the municipalities were "even aware that the deductions were unauthorized." *Id.* We have noted that "*Janus* imposes no

affirmative duty on government entities to ensure that membership agreements and dues deductions are genuine," and "does not require that [a state] ensure the accuracy of [a union's] certification of those employees who have authorized dues deductions." *Wright*, 48 F.4th at 1125 (citing *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 929–30 (2018)).

Plaintiffs also cannot point to any deliberate choice the municipalities made, as the municipalities had to comply with California state law requiring them to deduct dues in reliance on the unions' representations. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("[U]nder § 1983, local governments are responsible only for 'their *own* illegal acts.'" (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986))); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc) ("The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" (quoting *Pembaur*, 475 U.S. at 483)).

**AFFIRMED.**